Benton v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-178-CR

     RICHARD BENTON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
 McLennan County, Texas
Trial Court # 91-189-C
                                                                                                    

O P I N I O N
                                                                                                    

      Richard Benton appeals his conviction for aggravated sexual assault. Benton was found guilty
by a jury, and the jury assessed punishment at fifty years in prison. We affirm the judgment.
      In point one, Benton contends that the trial court erred in overruling his objection to the
State's final argument because it constituted an improper comment on Benton's failure to testify. 
The prosecutor made the following argument at the punishment phase:
Remorse? Oh, yes, he has said he was sorry. Did he ever say it before she
confronted him and told him she was going to go get help, and she was going to tell? 
What did she tell you? No, he never apologized, not after the last incident in 1988. He
had all that time he could have apologized, and he never apologized to her. Is he
remorseful? And he's never apologized to her since. He's stayed away from her. Mr.
Fanning—
 
[Defense Attorney]: I object, Your Honor. She's now attempting to elicit before this
jury the fact that the defendant didn't testify. That's totally improper. That's all she's
been doing, Your Honor.
 
THE COURT: Overrule the objection.
 
[Prosecutor]: I'm summarizing the evidence. She testified that he has never
apologized to her since. . . .

Proper jury argument falls within one of the following categories: (1) a summary of the evidence;
(2) a reasonable deduction from the evidence; (3) an answer to the opponent's argument; or (4)
a plea for law enforcement.


 All other arguments are improper. 
      Impermissible comment upon an accused's failure to testify is made when the language used
was manifestly intended or was of such character that the jury would naturally and necessarily take
it to be a comment on the failure to testify.


 It is not sufficient that the language implies or alludes
to the failure to testify; the language must necessarily refer to the failure to testify.


 An indirect
allusion that might refer to the failure of the accused to testify does not require reversal.


 
Language that can reasonably be construed to refer to a failure to present evidence other than from
the defendant's own testimony does not amount to a comment on the failure to testify.


 But when
argument points to a lack of evidence that only the defendant personally can supply, the courts
have found error.



      Normally, testimony as to contrition or remorse can only come from the accused, and when
offered by witnesses other than the accused himself, is inadmissible.


 In this case, the victim
testified as follows:
Q.[Victim], several times on the tape, I believe he apologized to you, had he ever
apologized to you prior to the time that tape was made?
 
A.No.
 
Q.Has he ever apologized to you since that time?
 
A.No.

Because Benton made no objection to the victim's testimony, the prosecutor's comments were
proper as a summary of the evidence.


 As in Thomas v. State, we hold that the prosecutor's
argument does not constitute a necessary implication that Benton has failed to testify in his own
behalf.


 In the context given, the statements were neither manifestly intended nor of such
character that the jury would naturally and necessarily take them as a comment on Benton's failure
to testify. We overrule point of error one.
      In point two, Benton contends that the trial court erred in refusing to submit an instruction on
the lesser-included offense of sexual assault. The aggravating element alleged was that the victim
was under fourteen years of age.


 The indictment alleged an offense occurring on or about June
5, 1985. At that time the victim was thirteen years of age. However, Benton argues that, because
there was specific evidence that he sexually assaulted the victim after she reached fourteen years
of age, he was entitled to a charge on sexual assault. We disagree.
      For a charge on the lesser-included offense of sexual assault to have been required, there must
be some evidence in the record that, if Benton is guilty, he is only guilty of sexual assault.


 The
Court of Criminal Appeals has recently held that there are two ways in which the evidence may
indicate that a defendant is guilty only of the lesser offense.


 First, there may be evidence that
refutes or negates other evidence establishing the greater offense.


 Benton does not point to any
evidence that refutes or negates the evidence that he sexually assaulted the victim before she
reached fourteen years of age. Second, a defendant may be shown to be guilty only of the lesser
offense if the evidence presented is subject to different interpretations.


 However, evidence that
Benton may be guilty of other crimes for which he has not yet been prosecuted does not subject
to different interpretations the evidence that he sexually assaulted the victim before she reached
fourteen years of age. As a result, we overrule point of error two.
      In point three, Benton argues that the court erred in refusing to allow a witness to testify
concerning his investigation of sexual abuse. Warren Cunningham, a child abuse investigator for
the Texas Department of Human Services, testified for Benton during the guilt-innocence stage
of the trial. Cunningham testified that he conducted an investigation of the victim's allegations
of sexual abuse. Benton complains that Cunningham was not allowed to testify about his
conclusions. The defense attorney asked Cunningham the following question: "Did you reach an
opinion regarding whether there was sufficient corroborating evidence to indicate there had been
any sexual abuse at that time?" The court sustained the State's objection to the question. Benton
argues that Cunningham's testimony was admissible as an expert opinion under Rules 702 and 704
of the Texas Rules of Criminal Evidence.


 Benton failed to preserve his complaint, however, by
making an offer of proof as required by Rule 52(b) of the Texas Rules of Appellate Procedure.


 
Because nothing is presented for review, we overrule point of error three.
      In point four, Benton contends that the court erred in refusing to admit Cunningham's
investigative report under the business records exception to the hearsay rule. The State objected,
arguing that the report was not relevant, that it was an improper attempt to impeach the victim's
testimony, and that the report contained hearsay. The court sustained the State's objection, and
Benton offered the report in a bill of exception. 
      The report indicates the victim told Cunningham that "there is nothing sexual going on
between [her and Benton]." At trial, however, she testified that Benton began sexually assaulting
her when she was in the fourth grade and continued until she was in the eleventh grade. Benton
argues that the report contained relevant information reflecting on the victim's credibility and was
admissible under Rule 803(6) of the Rules of Criminal Evidence.



      Rule 612 of the Rules of Criminal evidence provides, "If the witness unequivocally admits
having made such statement, extrinsic evidence of same shall not be admitted."


 On direct
examination, the victim admitted telling the investigators from the Department of Human Services
that Benton had not sexually assaulted her. According to the victim, she denied Benton's behavior
"[b]ecause he was going to kill me. He is crazy, and he is very violent, and I believed he was
going to kill me, and my family." Because the victim admitted her prior statements to
Cunningham, extrinsic evidence that she denied Benton sexually assaulted her was inadmissible.


 
As a result, we overrule point of error four.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 9, 1992
Do not publish